UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSB HOMES LLC, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MINNIE C. WILLIAMS, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-06830-SVK<br><br>**ORDER FOR REASSIGNMENT TO DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION TO REMAND CASE TO STATE COURT AND TO DENY MOTION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 1, 2 |

On October 24, 2017, Plaintiffs filed this unlawful detainer action in the Superior Court of California for County of Santa Clara. ECF 1-1. The state court complaint names as defendants Minnie C. Williams and Bruce C. Williams, as well as Doe defendants. *Id.* On November 28, 2017, pro se Defendant Bruce C. Williams attempted to remove the action to this Court by filing a document titled "Notice of Removal" that sets forth Mr. Williams' own "Complaint for: Violations of 12 U.S.C. § 2601, et. Seq. [Real Estate Settlement Procedures Act] Calif. CCP 430.90" as well attaches the state court complaint. ECF 1. Mr. Williams also filed a motion for leave to proceed in forma pauperis ("IFP"). ECF 2. Plaintiff MSB Homes LLC subsequently declined to have the assigned magistrate judge conduct all further proceedings in this case. ECF 4. This Court therefore ORDERS the Clerk of the Court to reassign this case to a District Judge.

Additionally, for the reasons discussed below, the undersigned RECOMMENDS that the District Judge REMAND this case to state court due to lack of subject matter jurisdiction and DENY Mr. Williams' incomplete IFP application without prejudice.

////

**A. Propriety of Removal**

District courts screen civil actions filed in forma pauperis to ensure that the complaint is not frivolous, states a claim, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Courts also screen actions removed to this court when a party seeks to proceed in forma pauperis to determine whether removal was obviously improper or venue in this district is obviously improper. *See, e.g., Dallin, LLC v. Lyles*, No. 17-cv-02618-SK, 2017 WL 2888580, at *1 (May 24, 2017).

Removal to federal court is proper only where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal, and the defendant bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubt about whether removal is proper must be resolved in favor of remand. *Id.* In addition, the Court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. Proc. 12(h)(3). A case must be remanded to state court if it appears at any time before final judgment that the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Mr. Williams has failed to carry his burden of showing that removal is proper. The notice of removal does not state whether Mr. Williams asserts that the Court has subject matter jurisdiction over the state court action under federal question jurisdiction or diversity jurisdiction. *See* ECF 1. The Civil Cover Sheet submitted by Mr. Williams claims federal question as the basis for federal jurisdiction, but that statement appears to be based on the allegations set forth in Mr. Williams' own purported complaint that is part of his notice of removal. ECF 1-2. A review of the state court complaint does not establish that any basis for jurisdiction exists.

Federal question jurisdiction exists over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if it appears from the well-pleaded complaint that federal law creates the cause of action or, under certain circumstances, if plaintiff's right to relief necessarily requires resolution of a substantial question of federal law. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314

(2005). The state court complaint in this case, however, presents a claim for unlawful detainer; it does not allege a federal claim or require resolution of a substantial question of federal law.

The notice of removal includes a purported complaint alleging a violation of 12 U.S.C. § 2601. To the extent the purported complaint was intended to state defenses and counterclaims asserting a federal question, defenses and counterclaims do not satisfy the requirement that the case "arise under" federal law. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002). To the extent the purported complaint was intended to initiate a new federal action against MSB Homes and others, it should be filed as a new action in this Court.[1] Even if Mr. Williams does file a new federal complaint, however, the filing of that complaint does not provide a basis for removing the state court action. Accordingly, removal of the state court case cannot be based on federal question jurisdiction.

Nor has Mr. Williams carried his burden of demonstrating that this case is removable based on diversity jurisdiction. Diversity jurisdiction requires that all plaintiffs be of diverse citizenship from all defendants, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 553-54 (2005). The notice of removal does not assert that the parties are of diverse citizenship. "Since the party asserting diversity jurisdiction bears the burden of proof … [the removing defendant's] error to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001).

In addition, it appears from the information available that the parties are not diverse. For example, the state court complaint states that Plaintiffs MSB Homes, LLC and JN Home Investment, LLC are limited liability companies organized and existing under the laws of the State of California." ECF 1-1 at ¶1. This would make Plaintiffs citizens of California for diversity purposes. 28 U.S.C. § 1332(c)(1). Defendant Mr. Williams, meanwhile, would be considered a

---

[1] Because the purported complaint that accompanies the notice of removal in ECF 1 was not properly filed as a complaint in this Court, the Court has not conducted the screening required under 28 U.S.C. § 1915(e)(2) of that purported complaint and expresses no opinion as to whether it is frivolous, states a claim, or seeks monetary relief against a defendant who is immune from such relief.

3

citizen of the state where he was domiciled when the case was filed, *i.e.*, the state where he resided with the intention to remain. *Kanter*, 265 F.3d at 857. The purported complaint filed along with notice of removal indicates that Mr. Williams "is a resident of the State of California" and resides in the real property that is the subject of this action, which is located in Santa Clara, California. ECF 1 at ¶ 1. Because Plaintiffs and Defendant Mr. Williams all appear to be citizens of California for diversity purposes, the requirement of complete diversity is not satisfied.

Mr. Williams has also failed to show that the amount in dispute exceeds $75,000. The amount at issue in the state court unlawful detainer action is the fair rental value of the property for the time defendant unlawfully occupied it, not the value of the property itself. *MOAB Inv. Group LLC v. Moreno*, No. C-14-0092 EMC, 2014 U.S. Dist. LEXIS 15076, at *3-4 (N.D. Cal. Feb. 6, 2014). According to the state court complaint, Defendants have unlawfully detained the property since October 23, 2017, and the fair rental value of the property is $120 per day or $3,600 per month, whichever is greater, meaning that the value of possession of the property at the time the complaint was filed on October 24, 2017 was far less than $75,000. ECF 1-1 at ¶ 11. Accordingly, removal based on diversity of jurisdiction is improper.

Although not the basis for the recommendation that the case be remanded, the Court also notes several procedural defects with Mr. Williams' effort to remove the case. First, as a citizen of California, Mr. Williams cannot remove a case filed in a California state court based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable based solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Second, the notice of removal was untimely if it was not filed until more than 30 days after Mr. Williams was served with the state court summons, as appears to be the case here. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal."); *see also* ECF 1-1 at ECF p. 8. Third, the notice of removal was not filed on behalf of all defendants, and Mr. Williams did not carry his burden of explaining the absence of the other defendants. *See* 28 U.S.C. § 1446(b)(2)(A); *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999).

### B. IFP Application

If the Court is satisfied that the applicant cannot pay the requisite filing fees, the Court may grant an IFP application. 28 U.S.C. § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). Mr. Williams' application for IFP status is incomplete because it states that he receives "Federal or State welfare payments, Social Security or other government source" but does not state the money received from these sources, as required in Question 2 of the IFP application. ECF 2 at 2. The Court therefore lacks information to enable it to determine whether Mr. Williams qualifies financially for IFP status. Accordingly, the undersigned RECOMMENDS that Mr. Williams' IFP application be denied without prejudice.

### C. Conclusion

Because the parties have not consented to the jurisdiction of a magistrate judge, this Court ORDERS the Clerk of the Court to reassign this case to a district judge. The undersigned further RECOMMENDS that the newly assigned judge REMAND the case to Santa Clara County Superior Court and DENY Mr. Williams' IFP application without prejudice. Any party may serve and file objections to this recommendation within fourteen days after being served. Fed. R. Civ. P. 72; Civ. Local Rule 72.

**SO ORDERED.**

Dated: December 7, 2017

SUSAN VAN KEULEN
United States Magistrate Judge