**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MSB HOMES LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MINNIE C. WILLIAMS, et al., <br><br> Defendants. | Case No. 17-cv-06830-BLF <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION TO REMAND CASE TO STATE COURT; DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; AND TERMINATING AS MOOT PLAINTIFFS' MOTION TO REMAND** <br><br> **[RE: ECF 2, 5, 7]** |

Defendant Bruce C. Williams ("Mr. Williams"), proceeding pro se, removed this unlawful detainer action from the Santa Clara County Superior Court to federal district court on the basis of federal question jurisdiction. Notice of Removal ¶ 3, ECF 1. Mr. Williams also filed an application for leave to proceed in forma pauperis ("IFP"). IFP Application, ECF 2. The case initially was assigned to Magistrate Judge Susan van Keulen, who issued a report and recommendation ("R&R") that the action be remanded to the state court for lack of subject matter jurisdiction and that the motion to proceed IFP be denied. R&R, ECF 5. The case thereafter was reassigned to the undersigned judge. Order Reassigning Case, ECF 6. Shortly after reassignment, Plaintiffs filed a motion to remand which is set for hearing on April 26, 2018. Motion, ECF 7.

A party may file written objections to a magistrate judge's recommended disposition of a case within 14 days after being served with a copy of the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The district judge must determine de novo any part of the magistrate judge's disposition as to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Neither § 636 nor Rule 72 prescribes a standard of review when no party objects. However, the Advisory Committee Notes to Rule 72 indicate that when no timely objection is filed, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes (1983).

The clear error standard has been adopted by numerous district courts within the Ninth Circuit. *See, e.g.*, *United States v. Mendez*, 240 F. Supp. 3d 1005, 1006 (D. Ariz. 2017) ("The Court reviews for clear error the unobjected-to portions of the R&R."); *Hayden v. United States*, 147 F. Supp. 3d 1125, 1126-27 (D. Or. 2015) (reviewing magistrate judge's R&R for clear error where no objections filed); *Coldwell Banker Real Estate, LLC v. DC Prop. & Loans, Inc.*, No. C 13-4732 SBA, 2014 WL 5474584, at *2 (N.D. Cal. Oct. 27, 2014) (same).

No objections to the R&R have been filed and the deadline to object has elapsed. *See* Certificate of Service, ECF 5-1 (showing mail service of R&R on Mr. Williams on December 7, 2017). Accordingly, this Court reviews the R&R for clear error. The Court finds none. Mr. Williams appears to assert that this Court has federal question jurisdiction based on his own affirmative claim against Plaintiffs under the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.* However, the complaint itself asserts only a state law claim for unlawful detainer, which does not implicate RESPA or any other federal statute. As stated in the R&R, federal question jurisdiction arises only if the complaint alleges a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal subject matter jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). This Court likewise agrees with the R&R's conclusion that Mr. Williams' IFP application must be denied because he did not provide all of the financial information necessary to evaluate his IFP application.

Accordingly, IT IS HEREBY ORDERED that:

(1) Judge van Keulen's R&R (ECF 5) is ADOPTED;

(2) Mr. Williams' IFP application (ECF 2) is DENIED;

(3) Plaintiff's motion to remand (ECF 7) is TERMINATED AS MOOT;

(4) The case is REMANDED to the Santa Clara County Superior Court; and

(5) The Clerk shall close the file.

Dated: January 9, 2018

_____
BETH LABSON FREEMAN
United States District Judge